Decided December 1, 1987

242

COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS
COMMONWEALTH TRIAL COURT

JOSE T. TAROPE,                    )        CIVIL ACTION NO. 86-668
                                   )
                Plaintiff,         )
                                   )
        vs.                        )        MEMORANDUM OPINION
                                   )
MARGARITA N. IGISAIAR,             )
et al.,                            )
                                   )
                Defendants.        )
_____    )

## FACTS

This case involves property known as Lot 1930 which was originally owned by Fabiana Rapugao, a Carolinian who lived on Lot 1930 and died intestate in 1943.

Plaintiff, Jose T. Tarope, Jr., is an heir of Fabiana Rapugao by virtue of an adoption decree issued in Trust Territory High Court Case 45-73 (1976) wherein it was found that the plaintiff's father, Jose Tarope, was adopted by Fabiana Rapugao and that plaintiff is the sole heir of his father. By virtue of his status as an heir of Fabiana Rapugao plaintiff is now claiming a one-third interest in Lot 1930.

There have been several transactions involving Lot 1930. In chronological order, these transactions are:

1. On September 13, 1969, a "Special Warranty Deed" was executed which transferred a

243

portion of lot 1930 to Olympio Borja. The transferors were Dionicio Limes the then land trustee and Jose Nekaifes.

2. On March 15, 1970 a "Corrected Special Warranty Deed" was executed. This deed was essentially the same as the 1969 deed but added as transferors Vicente Limes, Juan Limes, and Cornelia L. Pua. Signing this document as "Witnesses" were Guadalupe Eugenio, Cornelia Pua and Jose Tarope (plaintiff).[1]

3. On October 31, 1972, Dionicia L. Igisaiar, Juan A. Limes and Vicente A. Limes as "sole and legal heirs of Fabiana Rapugao" executed a "Gift and Quitclaim Deed" to Jose Angairo Nekaifes their interests in the subject property.

It is also noted that in 1956 Dionicia Limes as Trustee exchanged lot 1930 for other Government land but this exchange was nullified in another exchange of deeds in 1977. This exchange is of no import here except it supports the conclusion that Dionicia Limes was recognized

---

[1] The description in the deed is faulty. An obvious omission of part of the description occurred in the typing and it is concluded that this deed was intended to convey the same property encompassed in the 1969 deed.

244

as the land trustee for the heirs of Fabiana Rapugao.

4. In 1973 the plaintiff in this case filed a quiet title suit for lot 1930 as well as a determination of the heirs of Fabiana Rapugao. _Tarope v Nekaifes, et al._, High Court Civil Action 45-73. The plaintiff was found to have an equal undivided interest in lot 1930. The other heirs of Fabiana Rapugao were enjoined from interfering with plaintiff's rights to the land.

5. In 1978 Jose Nekaifes quitclaimed a part of lot 1930 to his daughter and son in law. The following year, the daughter and son in law mortgaged the property to the Mariana Islands Housing Authority presumably for money to construct a house on the land.

## ISSUE

The issue here is whether plaintiff is bound by the 1970 deed to Borja and has a one-third interest in the remainder of Lot 1930 or whether plaintiff is not bound thereby and has a one-third interest in the whole of Lot 1930.

## ANALYSIS

The facts indicate that in 1969 Dionicia Limes and Jose Nekaifes transferred a portion of Lot 1930 to Olympio Borja. Plaintiff Tarope was not named in the 1969 Special Warranty Deed as a grantor or as a witness. Indeed, the deed

was "by and between the heirs of Fabiana Rapugao, deceased, namely: Dionicia Limes for herself and as Land Trustee for the estate of Fabiana Rapugao, deceased, and Jose Nekaifes, of Chalan Kanoa, Saipan, Mariana Islands, hereinafter called the parties of the first part and Olympio T. Borja of Chalan Kanoa, Saipan, Mariana Islands hereinafter called the party of the second part ..." (emphasis added).

In 1970 the Corrected Special Warranty Deed was executed for the same property covered by the 1969 Special Warranty Deed. The 1970 deed was signed by plaintiff as a witness. Plaintiff is not referred to in the body of the deed as a grantor. All of the grantors are specifically named in the deed. The acknowledgment by the notary public recognizes only the named grantors and not Tarope as a witness. Clearly, the language of this deed is plain, certain and unambiguous and should be given its obvious construction; that being the plaintiff, in signing as a witness, signed only as a witness and nothing more. The construction of unambiguous terms in a deed is a matter of law. M.B.M., Inc. v. George, (CA 6, 1981) 655 F.2d 530, 533. An unambiguous instrument conveying property must be construed according to its terms. Godley v. Kentucky Resources Corp., (CA Ky, 1981) 640 F.2d 831, 835.

The defendants attempt to circumvent this rule by arguing that even though Tarope may not be a grantor, he consented to the transfer and therefore is estopped to claim any more than one-third of the remaining property. (Citing 76 AmJur2d,

**246**

_Trusts_, Section 458 and Restatement, _Trusts_, 2d Sections 189 and 190).

For several reasons this argument fails. In 1969 when the "trustee" Dionicia Limes conveyed the land to Borja for $3,500, neither she nor any of the other defendants recognized Tarope as a "beneficiary" of the "trust." It was only after Tarope sued and established his interest in the land that he became a "beneficiary" of the "trust." Indeed, the defendants to this date do not recognize plaintiff as a family member and there is no showing that the proceeds of the sale were ever held in trust or for the partial benefit of the plaintiff.

The authorities cited by defendants are based on an express trust and are not analogous to the situation here. Even if Dionicia Limes can be construed as a trustee of a trust, she had already transferred the trust's interest in the property to Borja in 1969 without any "acquiescence" of Tarope. If one were to accept the defendants' theory, Tarope's consent on the 1970 deed was after the fact. Neither the law nor the facts of this case support an estoppel or waiver theory as espoused by defendants.

## DIVISION OF THE PROPERTY

The remainder of Lot 1930 not deeded to Olympio T. Borja in 1970 must now be divided to assure that plaintiff has an undivided interest in 10,187 square meters of this portion of the property.[2] Defendants contend that plaintiff should be

---

2/
The parties agree that 10,187 square meters is one-third of Lot 1930.

restricted to the unused portion of the property in the back (eastern portion) of the lot. This would effectively deny plaintiff a fair portion of property abutting Beach Road.

Therefore, plaintiff's interest in Lot 1930 will include an area of 10,187 square meters to be bounded by the following lines:

> Beginning at the point marked N 51, 807.8982/E 50, 448.6733 in Exhibit A of the Stipulation and Dismissal filed in this action on November 25, 1987, thence proceeding southeast along the line marked S 80°56'13"E to the point marked N 51, 786.7705/E 50, 581.1250 then proceeding southwest approximately 8.6513 meters then proceeding southeasterly approximately 43.3884 meters to the eastern boundary of Lot 1930, a line known as S 08°24'46"E, then proceeding northwest to a point where a line, running parallel to the line marked S 80°56'13"E, proceeding to the western border of the property leaving a 20 foot border on the east, south, and west sides of the concrete house, then proceeding southwest along the western border line marked N 09°53'55"E to the original starting point, such area to include 10,187 square meters, as per the rough diagram attached hereto as Appendix A.

The above partition includes the wooden house built by Nekaifes. This house is termite ridden and in a state of deterioration. Nonetheless, defendants will be given 60 days from the entry of judgment to remove the structure.

Plaintiff is entitled to his court costs.

Dated at Saipan, CM, this 1st day of December, 1987.

_Robert A. Hefner, Chief Judge_